United States District Court
Southern District of Texas
**ENTERED**
September 13, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JOSEPHINE V. SALAS, § | |
|    Plaintiff, § | |
| § | |
| v. § | Case No. 1:19-cv-167 |
| § | |
| WELLS FARGO BANK, N.A. and § | |
| SUBSTITUTE TRUSTEE ARNOLD § | |
| MENDOZA, § | |
|    Defendants. § | |

**MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

    The Court is in receipt of Plaintiff Josephine V. Salas's "Motion to Remand" (hereinafter, Salas's "Motion"). Dkt. No. 7. The Court has also received Defendants' "Response in Opposition to Salas's Motion to Remand" (hereinafter, Defendants' "Response"). Dkt. No. 8. For the reasons stated below, it is recommended that the Court **DENY** Salas's Motion.

**I. Statement of the Case**

    On August 29, 2019, Defendant Wells Fargo Bank filed a Notice of Removal, removing the instant civil action from the 445th Judicial District Court of Cameron County, Texas. Dkt. No. 1. Salas filed her Motion on September 4, 2019, asserting that this Court should remand the case back to state court alleging improper removal by Defendants. Dkt. No. 7 at 1-2. Salas argues that removal was improper because:

(1) the Court must strictly construe the removal statute; (2) the Court lacks federal question jurisdiction; (3) the Court lacks diversity jurisdiction; and (4) the amount in controversy in this action does not exceed $75,000. *Id.* In their Response, Defendants assert that this Court does have subject-matter jurisdiction. Dkt. No. 8. Defendants argue that removal was proper because: (1) the case was removed based on diversity jurisdiction and not federal question jurisdiction; (2) the amount of controversy is measured by the value of the property in cases where injunctive relief is sought; and (3) the citizenship of the improperly joined substitute trustee can be disregarded. *Id.* at 3.

## II. Legal Standard

Federal courts are courts of limited jurisdiction that may only exercise original jurisdiction when the case or controversy "arises under" federal law or based on complete diversity of citizenship among the parties and more than $75,000 in controversy. 28 U.S.C. §§ 1331, 1332; *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). The party removing an action bears the burden of establishing that federal jurisdiction is present. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). All doubts concerning whether removal jurisdiction is proper must be resolved in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Pursuant to 28 U.S.C. § 1332, a federal court will not have subject matter jurisdiction unless: (1) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and (2) complete diversity of

citizenship is present between the parties. 28 U.S.C. § 1332; *Villarreal v. State Farm Lloyds*, No. 7:15-CV-292, 2015 WL 5838876, at *1 (S.D. Tex. Oct. 7, 2015) (citations omitted).

### III. Discussion

**A.     Amount in Controversy**

Salas's Original Petition filed in state court requests actual damages, interest, and attorney's fees. Dkt. No. 1-5 at 7. Salas seeks to prevent foreclosure of the property at issue in this case. *Id.* Additionally, the property has an assessed market value of $109,230. Dkt. No. 1-9 at 2. In an action that seeks declaratory or injunctive relief, the amount of controversy is measured by the value of the object of the litigation. *Hunt v. Washington State Apple Advertising Com'n*, 432 U.S. 333, 347, 97 S.Ct. 2435, 53 L.Ed.2d 383 (1977); *Copeland v. U.S. Bank Nat. Ass'n*, 2012 WL 3062168 at *1 (5th Cir. July 27, 2012) ("the value in controversy exceeds $75,000 due to the value of the subject property."). Remand, then, is not appropriate because Salas has not established "to a legal certainty that the claim is really for less than the jurisdictional amount[.]" *See St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289 (1938)). *See also Ray Mart, Inc. v. Stock Bldg. Supply of Texas, LP*, 435 F. Supp. 2d 578, 586 (E.D. Tex. 2006) ("[W]here the plaintiff's claims can be proved to be of the type that are worth more than [$75,000.00], they can be removed unless the plaintiff can show he is legally bound to accept less.").

### B. Diversity of Citizenship

#### *1. Salas's domicile*

Salas is domiciled in Cameron County, Texas. Dkt. 1-5 at 3. A person is a citizen of a state based on their domicile, which is their permanent residence. 28 U.S.C. §1332(a)(2); *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996) ("state citizenship for diversity purposes is regarded as synonymous with domicile."). Salas, then, is a citizen of the state of Texas.

#### *2. Wells Fargo's corporate citizenship*

Wells Fargo Bank is a state citizen of South Dakota as evidenced by its Articles of Association. *See* Dkt. No. 1 at 4, 8 at 5; 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 85-89, 130 S.Ct. 1181, 175 L.Ed.2d 1029 (2010) (finding that a corporation's main headquarters is its principal place of business pursuant to 28 U.S.C. §1332(c)(1)); *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307, 126 S.Ct. 941, 163 L.Ed.2d 797 (2006) ("a national bank…is a citizen of the State in which its main office, as set forth in its articles of association, is located."). Moreover, a bank's physical presence through its branches does not render that bank a citizen of that state. *See Wachovia Bank*, 546 U.S. at 318 ("[i]t is not deemed a citizen of every State in which it conducts business or is otherwise amenable to personal jurisdiction.").

#### *3. Arnold Mendoza, Substitute Trustee*

Arnold Mendoza is a party to the instant lawsuit, sued in his capacity as Substitute Trustee. Dkt. No. 1 at 4, 1-5 at 3. Mendoza is a citizen of the state of Texas. *Id*. The presence of a trustee, however, as a named defendant does not destroy

diversity. *Carter v. Bayview Loan Servicing LLC*, 2018 WL 5732083 at *2 (S.D.Tex. Aug. 17, 2018) ("mere inclusion of a non-diverse trustee as a nominal party will not defeat diversity jurisdiction…a trustee named solely in their capacity under a deed of trust…does not affect diversity jurisdiction with their presence") (internal citations omitted); *Zavala v. M&T Trust Co.*, 2011 WL 6739614 at *2 (W.D.Tex. Dec. 21, 2011) ("Even if the substitute trustee were a party, it would be a nominal party whose presence would be disregarded for determining diversity.").

### C. Diversity of Jurisdiction

There is complete diversity of the parties because Salas is a citizen of Texas, while Wells Fargo Bank is a citizen of South Dakota; the presence of Mendoza as a named defendant does not disturb this finding. The Court therefore has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Moreover, based on the assessed value of the property, the Court finds that the amount in controversy in this case exceeds $75,000. Salas's Motion lacks merit and should be denied.

### IV. Recommendation

For the foregoing reasons, it is recommended that Salas's Motion be **DENIED**.

### V. Notice to the Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within

fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 13th day of September, 2019.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**