United States District Court
Southern District of Texas
**ENTERED**
February 26, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JOSEPHINE V. SALAS, §<br>   Plaintiff, §<br> §<br>v. §<br> §<br>WELLS FARGO BANK, N.A. AND §<br>SUBSTITUTE TRUSTEE ARNOLD §<br>MENDOZA, §<br>   Defendants. § | Case No. 1:19-cv-167 |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

The Court is in receipt of Defendant Wells Fargo Bank's ("Wells Fargo") "Motion to Dismiss and Brief in Support" (hereinafter, Wells Fargo's "Motion to Dismiss" or "Motion"). Dkt. No. 3. Plaintiff Josephine V. Salas has not filed any documents, or otherwise filed a response to Well Fargo's Motion. For the reasons stated below, it is recommended that Wells Fargo's Motion be **GRANTED**. It is further recommended that the instant action be **DISMISSED WITH PREJUDICE**, and the Clerk of Court be directed to **CLOSE** this case.

### I.     Jurisdiction

The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

## II.     Background and Procedural History[1]

On or about May 19, 2006, Salas executed a Promissory Note ("Note") in the amount of $148,800 that was secured by real property located at 108 West Pompano Street, South Padre Island, Texas 78597 (the "Property"). Dkt. No. 1-7 at 1. Wells Fargo is the holder of the Note. *Id.* Under the terms of the Note, Salas was required to make monthly payments in the amount of $1,508. *Id.* In her affidavit, Salas avers that the Property is her homestead; it was scheduled for foreclosure on August 6, 2019. *Id.* at 2. Salas claims that she made the requested monthly payments for the last thirteen years, but recently missed several payments "due to unexpected circumstances[.]"[2] *Id.* at 2. Salas asserts that she contacted Wells Fargo and that the typical course of dealing involved the acceptance of late payments. *See* Dkt. No. 1-7 at 2. Salas also asserts that "I never received a demand letter from Defendants putting me on notice of demand for late payments or an intent to accelerate if not cured."[3] *See id.* Accordingly, Salas claims that she was not allowed to cure the defect despite her repeated attempts. *Id.*

On August 2, 2019, Salas filed "Plaintiff's Original Petition" (hereinafter, Salas' "Petition") in the 445th Judicial District Court of Cameron County, Texas. Dkt. No. 1-5 at 1. In her Petition, Salas claimed that foreclosure must be stayed because

---

[1] Details and other information gathered from Plaintiff's affidavit. *See* Dkt. No. 1-7.

[2] The language contained in Salas' affidavit is very similar to other cases that Attorney Juan Angel Guerra has filed in various federal district courts in Texas. *See Cruz v. JPMorgan Chase Bank, N.A.*, No. 7:18-CV-1, 2018 WL 699610 (S.D.Tex. Feb. 1, 2018).

[3] Language used verbatim in *Cruz*.

she was not properly served by Wells Fargo and Arnold Mendoza, serving as Substitute Trustee ("Defendants"). *Id.* at 1–2. Salas claimed that she would suffer irreparable harm if the 445th Judicial District Court did not grant a temporary restraining order against Defendants to prevent the foreclosure of the Property. *Id.* at 5. According to Salas, Defendants did not follow Texas law which requires the lender to send the borrower a notice of default and intent to accelerate. *Id.* at 6. Salas sought several forms of relief: (1) a temporary restraining order; (2) a temporary injunction; (3) setting aside any foreclosure sale; (4) actual damages; (5) attorney's fees; and (5) other costs. *Id.* at 7. Associate State District Judge Louis S. Sorola granted Salas' request for a temporary restraining order on August 2, 2019. Dkt. No. 1-6, 1-8.

On August 29, 2019, Wells Fargo timely filed a "Notice of Removal" to this Court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. Dkt. No. 1. On that same date, Wells Fargo filed its instant Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, contending that Salas failed to state a claim upon which relief can be granted. Dkt. No. 3; FED. R. CIV. P. 12(b)(6). Salas filed a "Motion to Remand" on September 4, 2019. Dkt. No. 7. In her Motion to Remand, Salas argued that the parties are not diverse, and the amount in controversy is less than the required $75,000. *Id.* The Court adopted a Report & Recommendation from the undersigned, finding that removal was proper based on diversity jurisdiction, and denied Salas' Motion to Remand. Dkt. No. 12.

Salas had until September 19, 2019, to file a response to Wells Fargo's Motion. *See* S.D. Tex. Local Rule 7.3 ("Opposed motions will be submitted to the judge 21 days from filing without notice from the clerk and without appearance by counsel."). Salas has not done so, nor has she otherwise contradicted the allegations made in Well Fargo's Motion. A failure to respond to a motion in this District is construed as "a representation of no opposition." *See* S.D. Tex. Local Rule 7.4. The period to file objections to Well Fargo's Motion has passed and is considered unopposed.

### III.   Legal Standards

Dismissal is appropriate under Rule 12(b)(6) if the plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). If the complaint does not contain an element which is a prerequisite to obtaining relief, dismissal is proper. *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986). "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial. A statement of facts that merely create a suspicion that the pleader might have a right of action is insufficient." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). When considering a motion to dismiss for failure to state a claim, well-pleaded facts must be accepted as true and viewed in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

To withstand a Rule 12(b)(6) challenge, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). As such, the complaint, taken as a whole, "must contain direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory[.]" *Id.* at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1987)) (internal quotation marks omitted; emphasis and omissions in original). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level…on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.*

Although the Supreme Court in *Twombly* stressed that it did not impose a probability standard at the pleading stage, an allegation of a mere possibility of relief does not satisfy the threshold requirement of Rule 8(a)(2) that the "plain statement" of a claim include factual "allegations plausibly suggesting (not merely consistent with)" an entitlement to relief. *Id.* at 557; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (rejecting the argument that the *Twombly* plausibility pleading standard applied only in antitrust cases and expressly holding the standard applies to "all civil actions."). Plausibility will not be found when the complaint "pleads facts that are 'merely consistent with' a defendant's liability" or

where the complaint is made of "'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). A claim is said to be plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

A court is not required to accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005) (citing *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)). In this manner, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall*, 42 F.3d 638, 640 n. 2 (5th Cir. 2005). Thus, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556.

## IV. Discussion

Wells Fargo describes Salas' Petition as a "copy-and-paste foreclosure prevention lawsuit to preclude the foreclosure sale of the real property"; it alleges that Salas' claims lack merit and should be dismissed with prejudice. Dkt. No. 3 at 1; FED. R. CIV. P. 12(b)(6). Specifically, Wells Fargo asserts that "[a]s this Court has previously determined on more than one occasion, Plaintiff's allegations fail to state any claim for relief as a matter of law." *Id.* at 2. Wells Fargo is correct. Attorney

Juan Angel Guerra has filed similar frivolous lawsuits, at times with Attorney Larry Warner as co-counsel, to prevent or stall foreclosure actions in courts throughout the state of Texas.[4] Recently, in the McAllen Division of the Court, United States District Judge Micaela Alvarez admonished Attorneys Larry Warner and Juan Angel Guerra for bringing "suits [that] lack factual and/or legal support" into federal court and expressed her "concern about the absence of responses to dispositive motions in these cases." *Cruz v. JPMorgan Chase Bank, N.A.*, No. 7:18-CV-1, 2018 WL 689610, at *5 (S.D.Tex. Feb. 1, 2018). Judge Alvarez further cautioned Warner that "[u]nsupported filings will subject counsel to sanctions." *Id.* In another case, Judge Alvarez specifically admonished Attorney Juan Angel Guerra for "[t]hese copy-and-paste form petitions [that] are so patently meritless *and aimed at delaying otherwise lawful*

---

[4] The following cases illustrates Guerra's filing of frivolous lawsuits:

*MacDonald v. JPMorgan Chase Bank*, No. 7:18-CV-289, 2019 WL 3361283 (S.D.Tex. July 25, 2019) (summary judgment granted, and case dismissed with prejudice based on failure to response);

*Yardo v. CitiMortgage, Inc.*, No. 3:18-CV-3024-S-BK, 2019 WL 3044185 (N.D.Tex. June 19, 2019), *adopted by*, 2019 WL 3034701 (July 11, 2019) (judgment on the pleadings granted due to Plaintiff's failure to respond);

*Tierranegra v. JPMC Specialty Mortgage LLC*, No. 7:18-CV-347, 2019 WL 92190 (S.D.Tex. Jan. 2, 2019) (dismissed with prejudice based on Plaintiff's failure to response and failure to state a claim);

*Sandoval v. Wilmington Savings Fund Society FSB*, No. 7:18-CV-91, 2018 WL 7253972 (S.D.Tex. Dec. 10, 2018) (summary judgment granted, and case dismissed with prejudice for failure to respond);

*Garcia v. Deutsche Bank Trust Company Americas*, No. 1:18-cv-075, 2018 WL 3999633 (S.D.Tex. July 19, 2018), *adopted by*, 2018 WL 3996942 (S.D. Tex. Aug. 21, 2018) (Rule 12(b)(6) motion granted);

*Mena v. U.S. Bank, N.A.*, No. 7:17-CV-00394, 2018 WL 4103247 (S.D.Tex. July 5, 2018) (granting Defendant's motion for summary judgment based meritless claims and failure to respond);

*Martinez v. Ocwen Loan Servicing*, LLC, No. 1:17-cv-106, 2018 WL 1413340 (S.D. Tex. Feb. 2, 2018), *adopted by*, 2018 WL 1415222 (S.D.Tex. Mar. 20, 2018) (Rule 12(b)(6) motion granted with prejudice);

*Cruz v. JPMorgan Chase Bank, N.A.*, No. 7:18-CV-1, 2018 WL 689610 (S.D.Tex. Feb. 1 2018) (granting Defendant's 12(b)(6) motion based on frivolous claims).

*foreclosures*...The Court now admonishes Juan Angel Guerra—the actual author of all these pitiful petitions—of the same." *Perez, et al v. Wells Fargo USA Holdings, Inc.*, No. 7:18-CV-00059, at *7–8 (S.D.Tex. May 10, 2018) (emphasis in original). Judge Alvarez further warned that "future petitions defended before this Court by Juan Angel Guerra or Larry Warner are subject to sanctions." *Id.* at 8. This Court recommends the same admonishment on Attorney Juan Angel Guerra for his sanctionable conduct and troubling pattern of not responding to dispositive motions. Therefore, Salas' Petition should be dismissed for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

A.   **Merits Review of Plaintiff's Claims**

Salas' claims raised in her Petition are very similar to other petitions brought by Attorney Juan Angel Guerra. As mentioned, other federal courts have dismissed those similar petitions with prejudice. The Court, however, will consider the merits as to each of Salas' claims raised in her Petition.

### *1. Pre-foreclosure loss mitigation review period*

In her Petition, Salas implies under the heading titled "Pre-Foreclosure Loss Mitigation Review Period" that Wells Fargo violated a rule promulgated by the Federal Consumer Financial Protection Bureau. Dkt. No. 1-5 at 5. Salas does not cite to any rule, statute, case law, or specific document; instead, she claims the following violation took place:

> Under the Federal Consumer Financial Protection Bureau Servicing Rules that went into effect January 10, 2014, the mortgage servicer must wait until Plaintiff is more than 120 days delinquent on payments before making the first official notice of filing for any nonjudicial or judicial foreclosure.

*Id.* Though Salas does not reference the Real Estate Settlement Procedures Act ("RESPA"), her claims clearly reference the Consumer Financial Protection Bureau's loss mitigation procedures found in 12 C.F.R. § 1024.41(f). However, Salas does not provide specific dates when she became delinquent on payments, instead arguing only that Wells Fargo violated § 1024.41(f) without providing support.

A plaintiff must have suffered actual damages or establish a pattern of defendant's non-compliance for § 1024.41(f) to be enforceable under 12 U.S.C. § 2605(f). *See Waites v. LLP Mortg. Ltd and MGC Mortg., Inc.*, No. 3:14-CV-3789-P, 2015 WL 11120993, at *2 (N.D.Tex. June 19, 2015); *Hurd v. BAC Home Loans Serv., LP*, 880 F.Supp.2d 747, 768 (N.D.Tex. Mar. 29, 2012). In her Petition, Salas contends that unless she is granted a temporary restraining order, she will "have an irreparable injury and/or have no adequate remedy at law[.]" Dkt. No. 1-5 at 5. Salas also claims that she would suffer "mental anguish" and "loss of credit" if foreclosure on the Property is allowed to proceed. *Id.* at 7. Salas has failed to plead enough facts to support that she would suffer actual harm required for § 1024.41(f) to apply.

Salas has not demonstrated actual damages that could entitle her to relief. *See Whittier v. Ocwen Loan Serv., L.L.C.*, 594 Fed. Appx. 833, 836 (5th Cir. 2014) ("To recover, a claimant must show that actual damages resulted from a RESPA violation"); *Kareem v. Am. Home Mortg. Serv., Inc.*, 479 Fed. Appx. 619, 620 (5th Cir.

2012) ("[E]ven if we assume that he did not receive notice, he does not explain what damages he suffered."). Salas has not provided proof of damages. Salas, then, has failed to state a claim.

### *2. The Breach Letter*

In the "Breach Letter" section of her Petition, Salas explains that "Texas deeds of trust contain a clause that requires the lender to send notice, which is often called a breach or demand letter, informing Plaintiff that their loan is in default before it can accelerate the loan and proceed with foreclosure." Dkt. No. 1-5 at 5. Salas is incorrect. Under Texas law, a plaintiff must prove the following to prevail on a breach of contract claim: "(1) the existence of a valid contract; (2) performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Sport Supply Grp., Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 465 (5th Cir. 2003). The Fifth Circuit further explained that "a claim for breach of a note and deed of trust must identify the specific contractual provision in the contract that was breached." *Williams v. Wells Fargo Bank, N.A.*, 560 Fed. Appx. 233, 238 (5th Cir. 2014) (citing *Watson v. CitiMortgage, Inc.*, 814 F. Supp. 2d 726, 732 (E.D.Tex. 2011)). Salas has not pointed to a specific contractual provision in the deed of trust or promissory note to support her breach of contract claim. On the other hand, Salas acknowledged that she had "stayed behind a few payments." Dkt. Not. 1-7 at 3. Therefore, Salas' breach of contract claim fails because, by her own admission, she has defaulted on the terms of the promissory note. *Dobbins v. Redden*, 785 S.W.2d 377-378 (Tex. 1990) (holding that under Texas law, a party to a

contract who has defaulted cannot prevail in a breach of contract claim).  Thus, Salas' breach of contract claim fails and is subject to dismissal.

### 3. Notice of default and intent to accelerate

Salas claims that "Texas law requires the lender/servicer must send the borrower a notice of default and intent to accelerate by certified mail that provides at least 20 days to cure the default before notice of sale can be given."  Dkt. No. 1-5 at 6.  According to Salas, Wells Fargo did not comply by providing notice to Salas' last known address, "[f]rom information and belief, Defendants did not comply with the requirements pursuant to the Texas Property Code."  *Id*.

### a. Texas Property Code § 51.002

This assertion is vague, but it appears that Salas is making a reference to Texas Property Code § 51.002.  Under Texas law:

> [T]he mortgage servicers of the debt shall serve a debtor in default under a deed of trust or other contract lien on real property used as the debtor's residence with written notice by certified mail stating that the debtor is in default under the deed of trust or other contract lien and giving the debtor at least 20 days to cure the default before notice of sale can be given.

Tex. Prop. Code. § 51.002(d).  Furthermore, Texas law provides that "[s]ervice of a notice under this section by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor's last known address.  The affidavit of a person knowledgeable of the facts to the effect that service was completed is prima facie evidence of service."  Tex. Prop. Code. § 51.002(e).  There

is no requirement, under Texas law, that the debtor receive actual notice. *Martins v. BAC Home Loan Serv. L.P.*, 722 F.3d 249, 256 (5th Cir. 2013).

Service is complete when the lender or servicer places the notice in the mail and not when it is received by the debtor. Because Texas law provides that "[t]here is no requirement that the debtor receive actual notice," Wells Fargo need only comply with the statute by mailing a notice through certified mail. *See Lambert v. First Nat. Bank of Bowie*, 993 S.W.2d 833, 835 (Tex. App. 1999); *Wood v. Bank of Am.*, No. 4:14-CV-00073-O, 2015 WL 2378958, at *12 (N.D.Tex. Apr. 23, 2015), *adopted by*, No. 4:14-CV-73-O, 2015 WL 2383330 (N.D.Tex. May 18, 2015); *Bassknight v. Deutsche Bank Nat. Tr. Co.*, No. 3:12-CV-1412-M (BF), 2014 WL 6769085, at *6 (N.D.Tex. Dec. 1, 2014). Therefore, the assertion that Salas "did not receive the default or acceleration notices listed in § 51.002(d) could not plausibly entitle [her] to relief because the Property Code imposes no such requirement." *Warren v. Bank of Am., N.A.*, No. 3:13-CV-1135-M, 2013 WL 8177096, at *7 (N.D.Tex. Nov. 15, 2013).

### b. *No cause of action prior to foreclosure*

Even assuming *arguendo* that the notice of default was not sent by certified mail, Salas' claim still fails because "[f]ailure to comply with Texas Property Code §§ 51.002(b) and (d) does not provide Plaintiff with a cause of action prior to actual foreclosure sale." *Suarez v. Ocwen Loan Serv.*, LLC, No. 5:15-CV-664-DAE, 2015 WL 7076674, at *3 (W.D.Tex. Nov. 12, 2015) (citing Tex. Prop. Code. § 51.002(b)). Salas can only bring a cause of action when there is an actual foreclosure sale. *Id.* ("Where a Temporary Restraining Order is issued preventing Defendant from conducting a

foreclosure sale, Plaintiff…fail[s] to allege a § 51.002 claim upon which relief can be granted unless a subsequent foreclosure sale occurs."). The 445th Judicial District Court issued a temporary restraining order on August 2, 2019 to prevent Wells Fargo from foreclosing on the Property. Dkt. No. 1-6. Salas' claims are subject to dismissal; there is no evidence that Wells Fargo foreclosed on the Property.

### *4. Temporary restraining order*

In her Petition, Salas requests a temporary restraining order to prevent eviction from her home, and she posits that "such temporary restraining order and temporary injunction maintain the status quo and would prevent Defendants acting alone or in concert with its agents, employees, assigns and/or representatives, from foreclosing, selling or attempt to sell the property in question[.]" Dkt. No. 1-5 at 6–7. On August 2, 2019, the 445th Judicial District Court granted Salas' request for a temporary restraining order; accordingly, her request is moot. Dkt. No. 1-6.

### B.     Admonishment of Attorney Juan Angel Guerra

Salas' Petition should be dismissed because the Court considered each of her underlying claims and found them to be meritless. As stated earlier, Wells Fargo's described Salas' Petition as a "cookie-cutter petition that was recently considered and dismissed by this Court." Dkt. No. 3 at 1. This Court previously held that Attorney Juan Angel Guerra's representation did not raise to a level that is sufficient to state a claim in federal court. This Court once again incorporates by reference its Report & Recommendation previously issued in *Garcia v. Deutsche Bank Trust Company*

*Americas*, No. 1:18-cv-075, 2018 WL 3999633 (S.D.Tex. July 20, 2018), *adopted by*, 2018 WL 3996942 (S.D. Tex. Aug. 21, 2018); and *Martinez v. Ocwen Loan Serv., LLC*, No. 1:17-cv-00106, 2018 WL 1413340 (S.D.Tex. Feb. 2, 2018), *adopted b*y, 2018 WL 1415222 (S.D. Tex. Mar. 20, 2018). This Court in those two cases considered a nearly identical petition filed by Attorneys Larry Warner and Juan Angel Guerra. *See id.*

The Court finds that Salas' Petition is one of many filed in the Southern District of Texas and other courts throughout this state. Attorney Juan Angel Guerra has been previously warned by this Court that he must respond to dispositive motions. As a result, the form petitions used in these cases do not allege any claims that survive a Rule 12(b)(6) motion to dismiss for failure to state a claim. Attorney Juan Angel Guerra has repeatedly failed to diligently prosecute lawsuits once removed to federal court, further demonstrating they are frivolous petitions that do not allege federal claims.

It is further recommended that Attorney Juan Angel Guerra be ordered to show cause as to why he should not be held in contempt for his continued egregious conduct.

## V.  Recommendation

For the foregoing reasons, it is recommended that Wells Fargo's Motion be **GRANTED**. It is further recommended that the instant action be **DISMISSED WITH PREJUDICE**, and the Clerk of Court be directed to **CLOSE** this case.

## VI.  Notice to the Parties

A party's failure to file written objections within fourteen days after being served with a copy of the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions that the district court accepts, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc); *superseded by statute on other grounds*; 28 U.S.C. § 636(b)(1).

**SIGNED** on this 26th day of February, 2020, at Brownsville, Texas.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**